FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 17, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| OLIVER H.,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ANDREW M. SAUL,<br>COMMISSIONER OF SOCIAL<br>SECURITY,<br><br>　　　　Defendant. | No. 1:19-CV-03197-JTR<br><br>ORDER GRANTING<br>DEFENDANT'S MOTION FOR<br>SUMMARY JUDGMENT |

**BEFORE THE COURT** are cross-motions for summary judgment. ECF Nos. 13, 14. Attorney D. James Tree represents Oliver H. (Plaintiff); Special Assistant United States Attorney Lars J. Nelson represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. ECF No. 6. After reviewing the administrative record and the briefs filed by the parties, the Court **DENIES** Plaintiff's Motion for Summary Judgment and **GRANTS** Defendant's Motion for Summary Judgment.

## JURISDICTION

Plaintiff filed an application for Childhood Disability Insurance Benefits under Title II of the Social Security Disability Act on July 28, 2009, Tr. 73, 76, 95, 110, and an application for Supplemental Security Income (SSI) under Title XVI

ORDER GRANTING DEFENDANT'S MOTION - 1

of the Social Security Act on April 14, 2016, Tr. 74, alleging disability since April 1, 2012, Tr. 75, 85, 222, due to asthma, depression, severe social anxiety, sleep apnea, insomnia, thyroid problems, and high blood pressure, Tr. 222.  The applications were denied initially and upon reconsideration.  Tr. 123-29, 133-46.  Administrative Law Judge (ALJ) Tom Morris held a hearing on December 8, 2017 and heard testimony from Plaintiff and vocational expert Kimberly Mullinax.  Tr. 41-72.  The ALJ issued an unfavorable decision on July 9, 2018 finding that Plaintiff was not disabled prior to April 28, 2018, the date he attained age 22, and that Plaintiff was not disabled since April 14, 2016, the date of the SSI application, through the date of the ALJ decision.  Tr. 15-27.  The Appeals Council denied review on June 28, 2019.  Tr. 1-5.  The ALJ's July 9, 2018 decision became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. §§ 405(g), 1383(c).  Plaintiff filed this action for judicial review on August 26, 2019.  ECF No. 1.

## STATEMENT OF FACTS

The facts of the case are set forth in the administrative hearing transcript, the ALJ's decision, and the briefs of the parties.  They are only briefly summarized here.

Plaintiff was 19 years old as of the April 14, 2016 application date.  Tr. 74.  Plaintiff completed his GED in 2015 and was attending some college courses at the time of his hearing.  Tr. 49-50, 223.  His only reported work was a part-time work-study job as a dishwasher.  Tr. 45-46.  When applying for SSI benefits Plaintiff reported that he believed his conditions became severe enough to keep him from working as of April 1, 2012.  Tr. 222.

## STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).  The Court reviews the ALJ's determinations of law de novo,

1  deferring to a reasonable interpretation of the statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1097. If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. § 404.1520(a); *see Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett*, 180 F.3d at 1098-99. This burden is met once the claimant establishes that physical or mental impairments prevent him from engaging in his previous occupations. 20 C.F.R. § 404.1520(a)(4). If the claimant cannot do his past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show (1) the claimant can make an adjustment to other work, and (2) the claimant can perform specific jobs that exist in the national economy. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193-94 (9th

Cir. 2004). If the claimant cannot make an adjustment to other work in the national economy, he is found "disabled." 20 C.F.R. § 404.1520(a)(4)(v).

## ADMINISTRATIVE DECISION

On July 9, 2018, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act prior to April 28, 2018 and was not disabled from April 14, 2016 through the date of the decision.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since April 1, 2012, the alleged onset date. Tr. 17.

At step two, the ALJ determined that Plaintiff had the following severe impairments prior to attaining the age of 22: obesity; affective disorders; and anxiety disorders. Tr. 18.

At step three, the ALJ found that prior to attaining age 22, Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. Tr. 18.

At step four, the ALJ assessed Plaintiff's residual functional capacity and determined that he could perform a range of work at all exertional levels with the following limitations:

> he can maintain concentration, persistence and pace in a consistent manner to sustain a normal workday/workweek with customary breaks and lunch. There should be superficial contact with coworkers and supervisor outside of their managerial responsibility. There can be superficial contact with the general public. There should be an emphasis on occupations/duties dealing with things/objects rather than people. He may be off task up to 10% over the course of an 8-hour workday. He is not able to perform at a production rate pace (e.g., assembly line work as where the pace is mechanically controlled) but can perform goal oriented work or where the worker has more control over the pace; and he may have 6 unexcused absences over the course of a year.

Tr. 19-20. The ALJ found Plaintiff had no past relevant work. Tr. 25.

At step five, the ALJ determined that, considering Plaintiff's age, education,

work experience and residual functional capacity, and based on the testimony of the vocational expert, there were other jobs that exist in significant numbers in the national economy Plaintiff could perform, including the jobs of industrial cleaner, laundry worker II, and cleaner II. Tr. 26. The ALJ concluded Plaintiff was not under a disability within the meaning of the Social Security Act prior to Plaintiff attaining age 22 on April 28, 2018 and was not under a disability within the meaning of the Social Security Act since April 14, 2016, the date of his SSI application. Tr. 26.

## ISSUES

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards. Plaintiff contends the ALJ erred by (1) failing to properly weigh the medical opinions in the record, (2) failing to properly weigh Plaintiff's symptom statements, and (3) failing to properly weigh the statements from Plaintiff's mother.

## DISCUSSION

### 1. Medical Opinions

Plaintiff argues the ALJ failed to properly consider and weigh the medical opinions from his treating providers Scott Herford, M.Ed. and Jamie Walker, ARNP. ECF No. 13 at 5-15.

Under Federal Regulations, there are two kinds of medical providers: acceptable medical sources and non-acceptable medical sources. Acceptable medical sources include licensed physicians and psychologists. 20 C.F.R. §§ 404.1502(a); 416.902(a). In this case, Nurse Practitioners, such as Nurse Walker, are not considered acceptable medical sources. *Id*. Mr. Herford is also not an acceptable medical source. 20 C.F.R. §§ 404.1502(a),(d); 416.902(a),(d). When weighing opinions from non-acceptable medical sources, the ALJ is only required to provide germane reasons to reject such opinions. *Molina v. Astrue*, 674 F.3d

1104, 1111 (9th Cir. 2012).  The Ninth Circuit has criticized applying this lesser standard to nurse practitioners, stating "regulations provide an out-dated view that consider a nurse practitioner as an 'other source.'" *Popa v. Berryhill*, 872 F.3d 901, 907 (9th Cir. 2017) (citing *Molina*, 674 F.3d at 1111).  On March 27, 2017, the regulations were amended to reflect this view and included nurse practitioners in the list of providers considered acceptable medical sources.  20 C.F.R. §§ 404.1502(a); 416.902(a).  However, this change only applies to applications filed with the Social Security Administration on or after March 27, 2017.  20 C.F.R. §§ 404.1502(a)(7); 416.902(a)(7).  Plaintiff's applications were filed in 2009 and 2016.  Therefore, this Court is required to apply the "out-dated view" and treat the opinion of Nurse Walker as an "other source."  *Popa*, 872 F.3d at 907.

On September 20, 2016, Mr. Hereford completed a Mental Source Statement, and opined that Plaintiff had three marked limitations in basic work functions and four moderate limitations in basic work functions.  Tr. 676-78.  He further opined that Plaintiff would be off task 21-30% of a 40-hour week schedule.  Tr. 678.  He opined that Plaintiff would likely miss four or more days a month when attempting to work a 40-hour work schedule.  *Id*.  He stated that this reflected the opinion of Plaintiff's treatment team which included at least one M.D. or Ph.D.  *Id*.  The ALJ gave the opinion little weight for three reasons: (1) it was not consistent with the longitudinal record; (2) Mr. Hereford provided no explanation for his opinion; and (3) Plaintiff was stable with medication compliance.  Tr. 24.

The ALJ's first reason for rejecting the opinion, that it was not consistent with the longitudinal record, is germane.  The ALJ found that the record showed progressive improvement in depression and anxiety, that Plaintiff traveled to Cuba, and that he had a girlfriend that he took out to restaurants and movies.  Tr. 24.  Inconsistency with the medical evidence is a germane reason to reject an opinion.  *Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005).  Additionally, an

ORDER GRANTING DEFENDANT'S MOTION - 6

opinion's inconsistency with a claimant's daily activities meets the germane standard. *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1163-64 (9th Cir. 2008); *Lewis v. Apfel*, 236 F.3d 503, 512 (9th Cir. 2001). Plaintiff challenges the ALJ's interpretation of the evidence that the medical records showed progressive improvement in depression and anxiety. ECF No. 13 at 10-11. However, he did not challenge the ALJ's finding that his activities were also inconsistent with the opinion. In May of 2017, Plaintiff reported that he had spent his spring break in Cuba. Tr. 728. He testified that he dated someone for three months and took her to restaurants, movie theaters, and parks. Tr. 57. The ability to perform these activities during the relevant time period is inconsistent with the opinion of a marked and three moderate limitations in social interaction. Tr. 677. Therefore, regardless of Plaintiff's challenge to the medical records, the fact that the longitudinal record demonstrates functional abilities that exceed the opined limitations, the ALJ's rationale meets the germane standard.

The ALJ's second reason for rejecting the opinion, that Mr. Hereford provided no explanation for the opinion, is germane. An opinion cannot be rejected merely because it was expressed as answers to a check-off questionnaire. *Popa*, 872 F.3d at 907. However, "the ALJ may permissibly reject check-off reports that do not contain any explanation of the bases of their conclusions." *Molina*, 674 F.3d at 1111. Here, Mr. Hereford was given the opportunity to provide an explanation on the final page of the form, and he left the section blank. Tr. 679. Therefore, the ALJ's reason meets the germane standard.

The ALJ's third reason for rejecting the opinion, that Plaintiff was stable when compliant with medication aside from situational stressors, is germane. As discussed above, inconsistency with the medical evidence is a germane reason to discount an opinion. *See Bayliss*, 427 F.3d at 1218. Here, the ALJ concluded that the improvement in symptoms was not consistent with Mr. Hereford's opinion. Tr. 24. Plaintiff argues that he did not experience such improvement. ECF No. 13 at

ORDER GRANTING DEFENDANT'S MOTION - 7

13.  However, the ALJ provided a summary of the evidence and provided citations to the record demonstrating that Plaintiff reported reduced symptoms with treatment.  Tr. 22-23.  While Plaintiff challenges this finding with further citations to the record, the Court will not disturb the ALJ's determination where there is evidence to support both interpretations of the evidence.  *Tackett*, 180 F.3d at 1097 (If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the ALJ).

On September 11, 2017, Nurse Walker and Mr. Hereford completed a Mental Source Statement opining that Plaintiff had a marked limitation in one of the basic work functions and had a moderate limitation in ten of the basic work functions.  Tr. 752-54.  They found that Plaintiff would be off task 12-20% of a 40-hour work week schedule and would likely miss four or more days per month while attempting a 40-hour work schedule.  Tr. 754.  They opined that Plaintiff's B Criteria of the 12.00 Listings included a moderate rating in Plaintiff's understanding, remembering, and applying information.  Tr. 754.  They further opined that Plaintiff met the C Criteria of the 12.00 Listings.  Tr. 754.  They confirmed  this was the opinion of the treatment team and  there was at least one M.D. or Ph.D. on the treatment team.  *Id*.  The ALJ gave this opinion little weight because it was inconsistent with corresponding treatment notes, mental status exams, and Plaintiff's activities.  Tr. 24.

The ALJ's first reason for rejecting the opinion, that it was inconsistent with corresponding treatment notes and mental status exams, meets the germane standard.  Inconsistency with the medical evidence is a germane reason to reject an opinion.  *Bayliss*, 427 F.3d at 1218.

The mental status exams completed by [Walker and Hereford] consistently showed intact memory and cognition.  Tr. 24.  The mental residual functional capacity opinion prepared by the same evaluators found Plaintiff was not significantly limited in his ability to understand and remember very short and

ORDER GRANTING DEFENDANT'S MOTION - 8

simple instructions, was mildly limited in the ability to remember locations and work-like procedures, and was moderately limited in the ability to understand and remember detailed instructions.  Tr. 752.  Plaintiff argues that these limitations are not necessarily inconsistent with "intact memory and cognition."  ECF No. 13 at 14.

It is not unreasonable for the ALJ to determine that intact "memory and cognition" is inconsistent with a moderate limitation in remembering detailed instructions in the mental residual functional capacity opinion.  Therefore, the Court will not disturb the ALJ's rejection of this opinion.  *See Tackett*, 180 F.3d at 1097 (If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the ALJ).

As well, "normal memory and cognition" can reasonably be viewed as inconsistent with the opined moderate limitation in understanding, remembering, or applying information when addressing the B Criteria of the 12.00 Listings, *See* Tr. 754.  This reason meets the germane standard, and the Court will not disturb the ALJ's treatment of this opinion.

The ALJ's second reason for rejecting the opinion, that it was inconsistent with Plaintiff's activities, is germane.  Inconsistency with a claimant's daily activities meets the germane standard.  *Carmickle*, 533 F.3d at 1163-64; *Lewis*, 236 F.3d at 512.  The ALJ found that Plaintiff's demonstrated abilities to work part-time as a dishwasher with a coworker and to travel to Cuba were inconsistent with the marked limitations opined.  Tr. 24.  At the hearing, Plaintiff testified that he had started a work-study job washing dishes and was hoping to acquire additional hours in the coming quarter.  Tr. 45-47.  In May of 2017, he reported that he had spent his spring break in Cuba.  Tr. 728.  This second reason is supported by substantial evidence and meets the germane standard.  The Court will not disturb the ALJ's treatment of the 2017 opinion by Mr. Hereford and Nurse Walker.

///

### 2. Plaintiff's Symptom Statements

Plaintiff contests the ALJ's determination that Plaintiff's symptom statements were unreliable. ECF No. 13 at 16-19.

It is generally the province of the ALJ to make determinations regarding the reliability of Plaintiff's symptom statements, *Andrews*, 53 F.3d at 1039, but the ALJ's findings must be supported by specific cogent reasons, *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "specific, clear and convincing." *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996); *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995). "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834.

The ALJ found Plaintiff's "statements concerning the intensity, persistence, and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." Tr. 21. Specifically, the ALJ found that Plaintiff's mental health complaints were out of proportion to the objective medical evidence and his activities of daily living. Tr. 21-23.

The ALJ's first reason for rejecting Plaintiff's symptom statements, that they were out of proportion to the objective medical evidence, is specific, clear and convincing. Objective medical evidence is a "relevant factor in determining the severity of the claimant's pain and its disabling effects," but it cannot serve as the only reason for rejecting a claimant's credibility. *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001). Here, the ALJ found that Plaintiff's mental health complaints were out of proportion to the objective medical evidence of record showing progressive improvement in symptoms. Tr. 21-23. The ALJ provided specific citations to the record including treatment notes showing improvement. *Id*. Plaintiff argues that these citations do not accurately represent the record as a

whole. ECF No. 13 at 16-17. However, the evidence of improvement as set forth by the ALJ is inconsistent with his reported severity of symptoms. Tr. 22-24. Where there is evidence that supports both the ALJ's determination and Plaintiff's assertion, the Court will not disturb the ALJ's determination. *Tackett*, 180 F.3d at 1097 (If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the ALJ). Furthermore, the ALJ's second reason meets the specific, clear and convincing standard. *See infra*. Even if the ALJ erred in his reliance on the objective medical evidence, any potential error resulting from the ALJ's consideration of the medical evidence would be considered harmless. *See Carmickle,* 533 F.3d at 1163 (upholding an adverse credibility finding where the ALJ provided four reasons to discredit the claimant, two of which were invalid); *Batson*, 359 F.3d at 1197 (affirming a credibility finding where one of several reasons was unsupported by the record); *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008) (an error is harmless when "it is clear from the record that the . . . error was inconsequential to the ultimate nondisability determination").

      The ALJ's second reason for rejecting Plaintiff's symptom statements, that they were inconsistent with Plaintiff's activities of daily living, is specific, clear and convincing. A claimant's daily activities may support an adverse credibility finding if (1) the claimant's activities contradict his other testimony, or (2) "the claimant is able to spend a substantial part of his day engaged in pursuits involving performance of physical functions that are transferable to a work setting." *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) (citing *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989)). A claimant need not be "utterly incapacitated" to be eligible for benefits. *Fair*, 885 F.2d at 603.

      The ALJ found that the following activities were inconsistent with his assertion that he suffered from totally disabling social functioning: (1) Plaintiff met a girl online and proceeded to date her including going to local restaurants, movies,

1 and parks; (2) Plaintiff traveled to Cuba during the relevant time period, which likely required him to be on a plane and in the airport with more than 10 people; (3) Plaintiff was the president of a costume club that met regularly; and (4) he drove to work and to a friend's house the day before the hearing. Tr. 23. The ALJ was accurate that these activities were inconsistent with the limitations Plaintiff reported in social functioning, including his reported problems with crowds and that he had to leave if a restaurant was packed. Tr. 20. Therefore, this meets the specific, clear and convincing standard.

### 3. Plaintiff's Mother

Plaintiff challenges the ALJ's treatment of the evidence presented by Plaintiff's mother. ECF No. 13 at 19-21.

Plaintiff's mother completed a Third-Party Function Report on May 19, 2016 detailing her observations of Plaintiff's symptoms and limitations. Tr. 235-42. She repeatedly referred to Plaintiff's social anxiety and stated that it affected his abilities to complete tasks, follow instructions, get along with others, and handle stress. Tr. 240-41.

Lay witness testimony is "competent evidence" as to "how an impairment affects [a claimant's] ability to work." *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050 (9th Cir. 2006); 20 C.F.R. §§ 404.1527(f); 416.927(f); *see also Dodrill v. Shalala*, 12 F.3d 915, 918-19 (9th Cir. 1993) ("[F]riends and family members in a position to observe a claimant's symptoms and daily activities are competent to testify as to her condition."). An ALJ must give "germane" reasons to discount evidence from "other sources." *Dodrill*, 12 F.3d at 919. The ALJ found that the Function Report was "not completely consistent with the record." Tr. 25. The ALJ determined that her statements regarding Plaintiff's severe social anxiety were inconsistent with meeting a girlfriend online and dating for several months and serving as vice president of a costume club. *Id.* As addressed above, these reported activities are inconsistent with the severe social anxiety alleged

ORDER GRANTING DEFENDANT'S MOTION - 12

1  throughout the record.  Therefore, the Court will not disturb the ALJ's decision.

## CONCLUSION

Having reviewed the record and the ALJ's findings, the Court finds the ALJ's decision is supported by substantial evidence and free of harmful legal error. Accordingly, **IT IS ORDERED:**

1. Defendant's Motion for Summary Judgment, **ECF No. 14**, is **GRANTED**.

2. Plaintiff's Motion for Summary Judgment, **ECF No. 13**, is **DENIED**.

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant.  **Judgment shall be entered for Defendant and the file shall be CLOSED**.

DATED August 17, 2020.



_____
JOHN T. RODGERS
UNITED STATES MAGISTRATE JUDGE

ORDER GRANTING DEFENDANT'S MOTION - 13